IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY JON MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>SUZY BOYLAN, Missoula County Attorney's Office; DAWN MARIE KELLMER, JOSHUA VAN DE WETERING, MISSOULA COUNTY DETENTION FACILITY ADMINISTRATION STAFF, and MISSOULA COUNTY PUBLIC DEFENDER'S OFFICE,<br><br>Defendants. | Cause No. CV 11-138-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending are Plaintiff Timothy Meyer's Motion for Leave to Proceed in Forma Pauperis and proposed Complaint. The motion to proceed in forma pauperis will be granted and the Complaint recommended for dismissal.

## I. JURISDICTION AND VENUE

This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Meyer's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case

presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Meyer submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Meyer is required to pay the statutory filing fee of $350.00. Mr. Meyer has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Meyer will be directed to forward payments from Mr. Meyer's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III.  STATEMENT OF THE CASE

#### A.     Parties

Mr. Meyer is a prisoner incarcerated at the Missoula County Detention Facility in Missoula, Montana.  The named Defendants are:  Suzy Boylan; Missoula County Attorney's Office; Dawn Marie Kellmer; Joshua Van de Wetering; the Missoula County Detention Facility Administration Staff; and the Missoula County Public Defender's Office.

#### B. Allegations

Mr. Meyer raises three counts regarding his recent state court criminal charges.  First, he alleges that on July 27, 2010, he was unduly charged with a fourth DUI, a felony offense when it should have been a second DUI, a misdemeanor offense.  After he was incarcerated in Missoula County for 205 days, the matter proceeded to trial which resulted in a hung jury nine to three in Mr. Meyer's favor.  He contends this clearly shows malicious prosecution on the part of the prosecuting attorney Attorney Suzy Boylan.  Dkt. 2, p 4.

In Count II, Mr. Meyer alleges he was falsely prosecuted in state district court action DC-11-91 for violating an order of protection.  Dkt. 2-1, p. 4.  Mr. Meyer was found guilty in this case.  Dkt. 2-1, p. 3.  He alleges Ms. Boylan ignored simple facts in the case, maliciously prosecuted him, continues to falsely accuse

him, is using the present charges to enhance or influence sentencing on another case, and is tampering with records. Dkt. 2-1, p. 4. He alleges Dawn Kellmer falsified police statements, committed perjury, made false allegations, and has conspired with multiple parties to falsely charge and imprison him. Dkt. 2-1, p. 4. He contends Joshua Van de Wetering and the Missoula County Public Defender's Office provided him with ineffective assistance of counsel. Dkt. 2-1, p. 6. He seeks lost wages, pain and suffering and release from custody. Dkt. 2-1, p. 5.

In Count III, Mr. Meyer contends that on July 27, 2011 he was charged with tampering with a witness in state district court action DC-11-338. That case is still pending. Mr. Meyer alleges the Missoula County Detention Facility Staff knowingly placed him in the same pod as the father of his ex-wife (the protected person) which led to the witness tampering charge; Ms. Boylan maliciously prosecuted him and conspired with his ex-wife to get the additional charges; and Dawn Kellmer committed slander, defamation of character, perjury, and theft of personal property.

## IV. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Meyer is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections

1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551, U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not

deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

**1. Prosecutorial Immunity**

A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. Absolute immunity protects a prosecutor's activities unless the prosecutor steps outside their role as an advocate, such as acting as a complaining witness. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (prosecutor's act of personally certifying truthfulness of

statements in an application for an arrest warrant not protected by absolute immunity). Mr. Meyer's allegations against Assistant County Attorney Boylan stem from her prosecuting criminal proceedings, an activity intimately associated with the judicial phase of the criminal process. Nothing in Mr. Meyer's allegations suggest Ms. Boylan stepped out of her role as an attorney for the County. *See Kalina*, 522 U.S. 118; *Imbler*, 424 U.S. at 430. Therefore, Ms. Boylan is entitled to absolute prosecutorial immunity.

### 2. Public Defenders/Defense Attorneys

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *See also Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Even if Mr. Meyer could prove ineffective assistance of counsel, he cannot state a claim for damages against his criminal defense lawyers because there would be no state action. Accordingly, all claims against Mr. Van de Wetering and the Missoula County Public Defenders

Office will be recommended for dismissal.

### 3. *Heck* Doctrine

Mr. Meyer's second count is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. 486-87.

Count II involves Mr. Meyer's criminal conviction in DC 11-91 (Dkt. 2-1, p. 3) for violating an order of protection. All claims arising out of that conviction are barred by the *Heck* doctrine. There is no indication that Mr. Meyer's conviction has been reversed, declared invalid, expunged, or called into question. Thus, Mr. Meyer has failed to state a claim upon which relief may be granted.

### 4. *Younger* Doctrine

To the extent Mr. Meyer is challenging his ongoing criminal proceedings, his claims are barred by the doctrine of abstention set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). As explained in *Younger*, there is a strong policy

against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45, 91 S. Ct. at 751; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (*citing Younger*, 401 U.S. at 40-41, 91 S. Ct. at 748-49). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). When applicable, *Younger* abstention requires dismissal of the federal action, not a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10, 96 S. Ct. 2857, 2864-65 n.10, 49 L. Ed. 2d 844 (1976)); *see also San Remo Hotel*, 145 F.3d at 1103 n.5 (noting that the district and appellate courts can raise the issue sua sponte).

In *Younger,* the separation of state and federal courts was established as a

matter of equity to not "restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable harm." *Younger*, 401 U.S. at 43-44, 91 S. Ct. at 750. "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts." *Dubinka v. Judges of Superior Court of State of California for County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) (*citing Younger*, 401 U.S. at 43-44, 91 S. Ct. at 750).

*Younger* abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995); *Martinez*, 125 F.3d at 781; *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, there are ongoing state criminal proceedings that implicate the important state interest of enforcing state laws, and Mr. Meyer has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Accordingly, all three prongs of the *Younger* test have been satisfied and dismissal is appropriate.

## V. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, Mr. Meyer's Complaint fails to state a claim upon which relief may be granted. The defects discussed above could not be cured by the allegation of other facts. As such, Mr. Meyer's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Mr. Meyer's Complaint fails to state a claim upon which relief may be granted. Therefore, the Court should designate this case as Mr. Meyer's second "strike" under 28 U.S.C. § 1915(g).

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is

> filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Meyer's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Mr. Meyer SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Meyer has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Meyer's Motion to Proceed in forma pauperis (Dtk. 1) is granted. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on October 14, 2011.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Meyer's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the filing is malicious and Mr. Meyer failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Meyer may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of December, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge