

FILED

JAN 0 4 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TIMOTHY JON MEYER, | ) | CV-11-138-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SUZY BOYLAN, Missoula County Attorney's Office; DAWN MARIE KELLMER, JOSHUA VAN DE WETERING, MISSOULA COUNTY DETENTION FACILITY ADMINISTRATION STAFF, and MISSOULA COUNTY PUBLIC DEFENDER'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

This Order addresses the two items pending in this matter: (1) what has been construed as Plaintiff Timothy Meyer's Motion for Reconsideration of the

-1-

Court's Collection Order directing the Missoula County Detention Facility to collect partial payments for the $350.00 filing fee in this action (dkt # 6), and (2) the Findings and Recommendations of Magistrate Judge Jeremiah C. Lynch (dkt # 4).

On October 14, 2011, Meyer filed a Motion for Leave to Proceed in forma pauperis and a Complaint alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. Judge Lynch entered Findings and Recommendation on December 7, 2011, recommending dismissal of Meyer's Complaint for failure to state a claim upon which relief may be granted. Meyer did not file written objections.

### A. Meyer's Motion for Reconsideration of the Court's Collection Order

On page 2 of the Complaint form filed by Meyer, the instructions indicate that prisoners proceeding in forma pauperis are required to pay the full filing fee in installments.[1] However, Meyer asks that the collection order, dkt # 5, be "overturned" and that his $24.00 be returned because he thought the form was to waive the filing fee. He asserts that if he had known he would be charged for filing the lawsuit, he would not have done it.

---

[1] Mr. Meyer used an old form which indicated that the filing fee was $150.00, that fee was raised to $350.00 on April 9, 2006. Regardless, the form clearly indicates that the filing fee would need to be paid in installments.

Given that the forms filed by Meyer clearly indicated that the filing fee would need to be paid in installments even if he were granted leave to proceed in forma pauperis, the Court cannot accept Meyer's argument that he was unaware of the filing fee obligation.

## B. The Findings and Recommendations of the Magistrate Judge

Meyer did not timely object to the Findings and Recommendations, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Meyer's Complaint alleged that Defendants violated his federal constitutional rights in the context of three prosecutions in state district court. Concerning the claims arising from the first prosecution, Judge Lynch found that absolute prosecutorial immunity protected the alleged actions of Defendant Suzy Boylan because she was acting within her role as Assistant County Attorney. He also noted that Meyer's public defenders, Mr. Van de Wetering and the Missoula County Public Defenders Office, are not state actors and thus are not subject to §

1983 liability. Meyer's claims arising from his conviction in the second prosecution are barred by the *Heck* doctrine, because his conviction has not been reversed, declared invalid, expunged, or called into question by a habeas writ. The claims arising from the third prosecution are barred by the doctrine of abstention because the case is still pending in state court, the state has an interest in enforcing state laws, and Meyer may raise his federal questions and concerns in the state proceeding. Younger v. Harris, 401 U.S. 37 (1971); Hirsh v. Justices of the Supreme Court of the State of Cal., 67 F.3d 708, 712 (9th Cir. 1995). Accordingly, Meyer has failed to state any claim upon which relief may be granted by this Court.

After reviewing Judge Lynch's Findings and Recommendations, I find no clear error in his reasoning or conclusions.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Reconsideration (dkt # 6) is denied. The Court's Order that he pay the filing fee remains in effect.

2. Judge Lynch's Findings and Recommendations (dkt # 4) are adopted in full.

3. Meyer's Complaint (dkt # 2) is DISMISSED for failure to state a claim upon which relief may be granted.

4. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the filing is malicious and Mr. Meyer failed to state a claim upon which relief may be granted.

6. The Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith because the Complaint is frivolous.

Dated this 4th day of January, 2012.

Donald W. Molloy, District Judge
United States District Court